UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yosvanys GARCIA SAAVEDRA, | Case No.: 26-cv-456-JO-MSB |
| Petitioner, | |
| | **ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |
| v. | |
| Christopher J. LAROSE, *et al.*, | |
| Respondents. | |

Petitioner Yosvanys Garcia Saavedra filed a petition for writ of habeas corpus. Dkt. 1. The Court held oral argument on February 10, 2026. For the reasons stated on the record, the Court GRANTS Petitioner's habeas petition [Dkt. 1]. Respondents are ORDERED to release Petitioner by 5 p.m. on February 11, 2025 on the same conditions of his previous release on recognizance and to file an affidavit attesting to Petitioner's release by 5 p.m. on February 12, 2025.

The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to his detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026).

1    The Court has also considered whether additional relief, aside from ordering release,

2    is appropriate in this case.  While habeas relief commonly includes reprieve from physical

3    imprisonment, "release need not be the exclusive remedy." *Boumediene v. Bush*, 553 U.S.

4    723, 779–80 (2008) ("depending on the circumstances, more [relief] may be required").

5    Habeas orders also extend to defining the parameters of a petitioner's freedom when needed

6    to provide complete relief from unlawful detention.  *See Rodriguez v. Hayes*, 591 F.3d

7    1105, 1117 (9th Cir. 2010) (holding that petitioner's release—revocable at the

8    government's discretion—did not provide complete relief where petitioner sought a legal

9    ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S.

10   371, 376 n.3, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005) (despite release, petitioner's habeas

11   claim challenging the statutory authority for his detention "continue[d] to present a live

12   case or controversy" because the court could provide relief to prevent redetention on the

13   same allegedly unlawful basis).  As discussed at the hearing, the government granted

14   Petitioner a protectable liberty interest that persists as long as (1) he complies with his

15   release conditions and (2) there are no material changes that render him a flight risk or

16   danger to the community.  Despite its previous grant of liberty, the government detained

17   Petitioner without notice or any consideration of his release status and the liberty interest

18   that it created.  And despite myriad court orders like this one, the government continues to

19   assert its § 1225 authority to detain countless noncitizens and subject them to the same

20   wrongful deprivation of their liberty interests.[1]  Consequently, Petitioner remains exposed

---

[1]    *See, e.g.*, *Lopez v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-2527-RSH-SBC, 2025 WL 3005346 (S.D. Cal. Oct. 27, 2025); *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025); *Calel v. LaRose*, No. 3:25-CV-02883-GPC-JLB, 2025 WL 3171898 (S.D. Cal. Nov. 13, 2025); *Faizyan v. Casey*, No. 3:25-CV-02884-RBM-JLB, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); *Sanchez v. Noem*, No. 25-CV-3068 JLS (MMP), 2025 WL 3214987 (S.D. Cal. Nov. 18, 2025); *Ruiz v. LaRose*, No. 25-CV-02714-BAS-SBC, 2025 WL 3214975 (S.D. Cal. Nov. 18, 2025).  The government has continued this practice even after *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025), which declared as unlawful the DHS policy of classifying noncitizens arrested in the United States as subject to § 1225(b)(2).  To this day, the government continues to mandatorily detain these noncitizens pursuant to its purported § 1225 authority.  *See, e.g.*, *Azizi v. LaRose, et al.*, No. 26-cv-0049-JO-BJW, Dkt. 1 (Habeas Pet.) (S.D. Cal. Jan. 5, 2026); Dkt. 5 (Reply to Habeas

to immediate redetention and a repetition of the same harm he has just endured, even after this Court's release order.   The Court therefore concludes that specific injunctive relief prohibiting further detention based on this wrongful assertion of statutory authority is necessary and ORDERS as follows:

1. Respondents are ENJOINED from redetaining Petitioner without a pre-deprivation hearing before an immigration judge, at which the Government bears the burden of proving by clear and convincing evidence that circumstances have materially changed, rendering Petitioner a danger to the community or a flight risk.[2]  *See Singh v. Holder*, 638 F.3d 1996, 1203 (9th Cir. 2011).   The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. Respondents shall file a declaration attesting to full compliance with these obligations.   Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

**IT IS SO ORDERED.**

Dated: February 10, 2026

Honorable Jinsook Ohta
United States District Judge

---

Pet.) (S.D. Cal. Jan. 12, 2026) (government acknowledging that petitioner was detained on December 31, 2025—after the Bautista decision—under its § 1225 authority).

[2]      While § 1226 allows the government to hold a noncitizen in custody while it decides whether to initially grant release, a pre-deprivation hearing is the more appropriate remedy for individuals like Petitioner who already enjoy a liberty interest.  In order to prevent an erroneous deprivation of that existing liberty interest and therefore satisfy due process requirements, this hearing must take place **prior** to any detention.  Other courts in this circuit have likewise found that enjoining further detention without first providing a bond hearing is necessary to justify any continued deprivation of a petitioner's liberty interest. *See, e.g.*, *Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025); *O.G. v. Albarran*, No. 1:26-CV-00010-TLN-DMC, 2026 WL 19105, at *5 (E.D. Cal. Jan. 3, 2026).

26-cv-456-JO-MSB